# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEPHEN ROBBINS,

    Plaintiff,

**v.**

DYCK O'NEAL, INC.,

    Defendant.

Case No. 18-2623-DDC-TJJ

## MEMORANDUM AND ORDER

On February 19, 2019, the Court conducted a scheduling conference with the parties in accordance with Fed. R. Civ. P. 16. Plaintiff appeared through counsel, Mark Parrish and Keith Williston. Defendant appeared through counsel, Louis Wade. During the conference, Defendant indicated it would file an early dispositive motion on one issue by March 25, 2019. The parties also agreed to voluntarily exchange the various documents described in their respective Rule 26(a)(1) disclosures by March 7, 2019. The parties agreed no other discovery was necessary to brief the initial dispositive motion.

As a result, the Court set a deadline of March 25, 2019 for Defendant to file its early single-issue dispositive motion ("Defendant's Dispositive Motion"), ordered the parties to voluntarily exchange the documents identified in their respective Rule 26(a)(1) disclosures by March 7, 2019, and raised the issue of whether further discovery should be stayed pending ruling on Defendant's Dispositive Motion. After discussion, the parties seemed to agree it would be most efficient to exchange their initial disclosure documents with an eye toward addressing certain preliminary issues, but to otherwise stay discovery pending ruling on Defendant's Dispositive Motion.

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[2] Therefore, the general policy in the District of Kansas is to not stay discovery even when dispositive motions are pending.[3] However, there are exceptions to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4]

This is a putative class action case alleging violations of the Telephone Consumer Protection Act ("TCPA") and Kansas Consumer Protection Act ("KCPA"). Plaintiff alleges Defendant violated these acts by contacting consumers through automatic telephone dialing systems and attempting to collect debt that was previously reported in a 1099-C as being canceled or discharged. It is this latter issue regarding 1099-C reporting that will be the subject of Defendant's Dispositive Motion.

The parties are in agreement that the facts sought through uncompleted discovery would not affect resolution of Defendant's Dispositive Motion. This factor supports staying discovery pending ruling on Defendants' motion. In addition, with regard specifically to the 1099-C issue, Plaintiff indicated that if Defendant's Dispositive Motion on this issue is granted, Plaintiff (the putative class) would seek to amend the complaint to amend its claims, which would potentially

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[3] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).

[4] *Id.*

involve one or more new defendants and affect the class size/scope. Discovery on all issues of the broad complaint prior to ruling on Defendant's Dispositive Motion is, therefore, likely to be wasteful and unduly burdensome. Additionally, with regard to the TCPA, Plaintiff's claim may be the subject of a class action case currently pending in Michigan. The parties agreed that they might know whether Plaintiff's TCPA claim should be dismissed in this case and brought instead in the Michigan case, after they exchange the documents described in their initial disclosures on March 7, 2019. Again, it would be potentially wasteful and burdensome for the parties to engage in discovery at this point given some or all of the claims may be dismissed or amended. This factor weighs heavily in favor of staying discovery pending ruling on Defendant's motion.

The Court finds a stay of discovery, aside from exchange of the initial disclosure documents, pending ruling on Defendant's Dispositive Motion is appropriate. Discovery is stayed pending ruling on the Defendant's Dispositive Motion, which is to be filed on or before March 25, 2019. Within twenty-one (21) days after the Court's ruling on Defendant's Dispositive Motion, the parties shall submit a revised Report of Parties' Planning Conference. The Court will subsequently set this matter for another scheduling conference.

**IT IS THEREFORE ORDERED BY THE COURT** that the parties shall exchange the documents described in their Rule 26(a)(1) initial disclosures on or before March 7, 2019.

**IT IS FURTHER ORDERED** that Defendant shall file its early single-issue (1099-C) dispositive motion on or before March 25, 2019.

**IT IS FURTHER ORDERED** that discovery is hereby stayed until such time as the Court rules on Defendant's Dispositive Motion. Within twenty-one (21) days of the Court's ruling, the parties shall submit a revised Report of Parties' Planning Conference.

**IT IS SO ORDERED.**

Dated February 20, 2019, at Kansas City, Kansas.

_____  
Teresa J. James  
U. S. Magistrate Judge