IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN ROBBINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No.   2:18-cv-02623 |
| | ) |
| DYCK O'NEAL INC., | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT DYCK O'NEAL INC.'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

COMES NOW Defendant Dyck O'Neal, and for its Response in Opposition to Plaintiff's Motion for Leave to File his Amended Complaint states:

**I.     STANDARD OF REVIEW.**

Plaintiff's Motion to Amend requires leave of court under Fed. R. Civ. P. 15(a) since Plaintiff's time for amendment as a matter of course expired long ago. The decision to grant or deny rests within the discretion of the Court. *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The court properly denies a motion to amend on grounds of undue delay, bad faith, or dilatory motive, or futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment fails on futility grounds when "… the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim." *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990).

**II.    DENIAL REQUIRED BY LOCAL RULE.**

Plaintiff's Motion for Leave fails to attach a proposed Amended Petition, as required by

D. Kan. Rule 15.1(a)(2).[1]  Without the proposed amended complaint, neither this Court nor the Defendant can assess the pleading to determine if Defendant should contest amendment based on potential futility, or other potential defects in the proposed amendment.  An amended complaint constitutes an abandonment of, and entirely supersedes, its predecessor complaint. *United States v. Gentry*, 119 F. 70, 70 (8th Cir. 1902). Therefore, the court and a defendant must be able to see the proposed amendment in order to evaluate its feasibility. The court may justifiably refuse leave to amend based on futility of the proposed amendment. *Tackett v. Univ. of Kansas*, 234 F. Supp. 3d 1100, 1105 (D. Kan. 2017); *Nkemakolam v. St. John's Military Sch.*, 890 F. Supp. 2d 1260, 1261 (D. Kan. 2012).

The local rule provides more than a "hoop" for a party to "jump through," but allows the court to exercise its discretion. If a proposed amended complaint would be futile, the court can exercise its discretion to deny the amendment. *Hirt v. Unified Sch. Dist. No. 287*, 308 F.Supp.3d 1157, 1165 (D. Kan. 2018).

> "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason. Whether to allow a proposed amendment after the permissive period addresses the sound discretion of the court."

*Weckhorst v. Kansas State University*, 241 F.Supp.3d 1154, 1182 (D. Kan. 2017), reconsideration denied, 2017 WL 3671163 (D. Kan. Aug. 24, 2017), and aff'd sub nom. *Farmer v. Kansas State Univ.*, 918 F.3d 1094 (10th Cir. 2019). Plaintiff's Motion denies both the Court

---

[1] A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must attach the proposed pleading or other document.

and Defendant the opportunity, and obligation, to evaluate the proposed amendment, whether based on futility or prejudice. Therefore, the Motion must be denied.

### III.     PREJUDICE REQUIRES DENIAL

When considering a motion for leave pursuant to Rule 15(a)(2), the "most important" factor in determining whether to grant a motion to amend the pleadings "is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir.2006). A court may deny leave to amend when a party filing the motion has no adequate explanation for the delay in pursuing new claims. *Torres v. Cintas Corp.*, 672 F. Supp. 2d 1197, 1205 (N.D. Okla. 2009)(Denying amendment in products liability complaint when new claims and theories would change theory and unduly prejudice defendant). Here, Plaintiff's amendment is prejudicial. On February 19, 2019, the Parties agreed to stay all activity in this case pending resolution of a dispositive motion filed by Defendant. As seen in the Court's Memorandum and Order following the February 19, 2019 Rule 16 conference:

> After discussion, the parties seemed to agree it would be most efficient to exchange their initial disclosure documents with an eye toward addressing certain preliminary issues, but to otherwise stay discovery pending ruling on Defendant's Dispositive Motion. (Memorandum and Order at p. 1).

and

> The Court finds a stay of discovery, aside from exchange of the initial disclosure documents, pending ruling on Defendant's Dispositive Motion is appropriate. Discovery is stayed pending ruling on the Defendant's Dispositive Motion…" (Memorandum and Order at p. 3).

Defendant filed its Motion for Summary Judgment on April 25, 2019. Counsel for Plaintiff represented to the Court at the Rule 16 Conference that it may need to seek leave to amend **after** the Court's ruling on Defendant's dispositive motion, as a ruling in Defendant's

3

favor would potentially affect its potential class size and scope. However, Plaintiff did not indicate to the Court that it would seek to amend prior to discovery and during the parties' jointly-agreed stay. The court adopted the parties' proposed stay pending a ruling on Defendant's Motion for Summary Judgment because the motion would substantially, if not completely, resolve the case. Now Plaintiff seeks to add new theories of recovery.

By seeking leave to amend and add additional claims under new theories against Defendant prior to ruling on the agreed upon dispositive issue, Plaintiff contradicts counsel's representations to the Court. Further, amendment at this time creates potential prejudice to Defendant, as it burdens Defendant with the costs and efforts associated with responding to additional pleadings and conducting potentially unnecessary discovery prior to the Court's ruling on Defendant's Motion for Summary Judgment. Indeed, if a new complaint is filed, Defendant may need to file a new Motion for Summary Judgment, since the amended pleading constitutes an abandonment of the prior pleading. Further, Defendant would be further prejudiced because the agreed deadline and scheduling for the Motion for summary judgment expired. Despite Defendant's compliance, the new pleading would dictate a new Motion for Summary Judgment. Thus, if any amendment to Plaintiff's Petition should be made, Defendant suggests that should only occur after the Court rules on Defendant's Motion for Summary Judgment.

### IV. PLAINTIFF OFFERS NO CAUSE

Plaintiff offers no cause. The last paragraph of Plaintiff's Memorandum acknowledges that it knew of the proposed FCRA claim when filing the original complaint. Tactically, Plaintiff chose to omit that claim. Defendant suggests that Plaintiff should not be allowed to play games with the court, deadlines, and pleadings. Plaintiff also suggests that he may have filed a separate suit; however, Plaintiff fails to explain the propriety of that tactic in light of Fed.R.Civ.P. 18

which permitted the joinder of the claim Plaintiff not wants to assert. Nothing prohibited assertion of the claim before. Nothing suggests the propriety or justification for asserting it at this time. A court may deny leave to amend "when the party filing the motion has no adequate explanation…" *Torres v. Cintas Corp*, 672 F.Supp.2d, 1197, 1205 (N.D>Okla. 2009).

WHEREFORE, Defendant prays this Court enter its Order denying Plaintiff's Motion for Leave to file his Amended Petition, staying the issue until after the Court's ruling on Defendant Motion for Summary Judgment, and for all further relief the Court deems just.

*McDowell Rice Smith & Buchanan P.C.*

By: /s/ *Louis J. Wade*
    Louis J. Wade  #13042
    The Skelly Building, Suite 350
    605 W 47th Street
    Kansas City, Missouri  64112-1905
    (816) 960-7323 FAX (816) 753-9996
    Email: lwade@mcdowellrice.com
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the court using the CM/ECF system, which sent notification to all counsel of record via the CM/ECF system.

/s/ *Louis J. Wade*
Louis J. Wade  #13042