# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEPHEN ROBBINS,

    Plaintiff,

v.

DYCK O'NEAL, INC.,

    Defendant.

Case No. 18-2623-DDC-TJJ

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint (ECF No. 17). The motion is now fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court grants the motion.

**I. Background**

Plaintiff filed this putative class action on November 19, 2018, alleging violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C § 227 et seq. and the Kansas Consumer Protection Act ("KCPA") K.S.A. § 50-623 et seq.[1] Plaintiff alleges Defendant violated these acts by contacting consumers through automatic telephone dialing systems and attempting to collect debt that was previously reported in a 1099-C as being canceled or discharged. On February 19, 2019, the Court conducted a scheduling conference with the parties, during which Defendant indicated it would file an early dispositive motion on the 1099-C issue. The parties agreed to exchange the documents identified in their initial disclosures but that no other discovery was

---

[1] ECF No. 1.

necessary to brief the initial dispositive motion.[2] Additionally, "Plaintiff indicated that if Defendant's Dispositive Motion on [the 1099-C] issue is granted, Plaintiff (the putative class) would seek to amend the complaint to amend its claims, which would potentially involve one or more new defendants and affect the class size/scope."[3]

The Court stayed discovery and instructed Defendant to file the 1099-C dispositive motion on or before March 25, 2019. That deadline was extended upon Defendant's unopposed request to April 24, 2019.[4] Defendant filed its motion for summary judgment on that date, which is also the date Plaintiff filed the pending motion to amend.

Plaintiff seeks to amend the complaint "to omit the previously asserted class action allegations" because through discovery the parties have found the class size would likely be six people or fewer.[5] Thus, "Plaintiff believes it is appropriate to proceed on his individual claims and not pursue a class action."[6] Additionally, Plaintiff seeks to include a Fair Credit Reporting Act (FCRA) claim based on facts unique to Plaintiff (as opposed to the putative class), which he "does not want to lose by allowing the statute of limitations to run while waiting on a ruling from the Court" on Defendant's motion for summary judgment.[7]

Defendant opposes Plaintiff's motion. It argues it would be prejudiced by the filing of an amended complaint at this point because it has filed its motion for summary judgment and might

---

[2] *See* ECF No. 12 at 1 ("After discussion, the parties seemed to agree it would be most efficient to exchange their initial disclosure documents with an eye toward addressing certain preliminary issues, but to otherwise stay discovery pending ruling n Defendant's Dispositive Motion.").

[3] *Id.* at 2–3.

[4] ECF No. 16.

[5] ECF No. 18 at 1.

[6] *Id.* at 2.

[7] ECF No. 17 at 2, ¶ 5.c.

need to file a new motion for summary judgment if Plaintiff adds additional claims.[8] Further, it would incur costs and spend time responding to an additional pleading and potentially conducting unnecessary discovery.[9] Defendant contends any amendment to the complaint should be made after ruling on the pending motion for summary judgment, as the parties previously agreed. Defendant also argues Plaintiff has failed to show good cause for the requested amendment because Plaintiff could have included the FRCA claim originally but chose not to.[10]

## II. Legal Standard

Federal Rule of Civil Procedure 15 discusses amended and supplemental pleadings. It provides that a party may amend its pleading once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).[11] In all other situations, such as the situation here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[12] Whether to allow a proposed amendment is within the discretion of

---

[8] ECF No. 23 at 4.

[9] *Id.*

[10] *Id.* at 4–5. Defendant also argues the motion should be denied because Plaintiff failed to attach the proposed amended complaint to the motion in violation of D. Kan. Rule 15.1(a)(2). Plaintiff states the omission was inadvertent and attached the proposed amended complaint to his Reply (ECF No. 25-1). The Court finds Plaintiff described in sufficient detail the proposed amendments in his motion, noting he wanted to "omit the previously asserted class action allegations" because the class size is too small and add a claim pursuant to the Fair Credit Reporting Act. *See* ECF No. 18 at 1–2. "Courts prefer to decide issues on the merits rather than to construe technical niceties to preclude resolution on the merits." *Crocker v. Durkin*, 159 F. Supp. 2d 1258, 1270 (D. Kan. 2001) (finding the "plaintiffs' failure to attach a proposed amended complaint to their motion" did not justify denial of their motion to amend). Further, there does not appear to be any prejudice to Defendant, and Defendant does not argue otherwise, as a result of the inadvertent omission, as Defendant was able to sufficiently respond in opposition to Plaintiff's motion and made no request to file a surreply after Plaintiff attached the proposed amended complaint to his Reply. Therefore, the Court need not address this argument.

[11] Fed. R. Civ. P. 15(a)(1).

[12] Fed. R. Civ. P. 15(a)(2).

the court.¹³ Generally, refusing leave to amend is justified only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.¹⁴

## III. Analysis

In considering the above reasons justifying denial of a motion to amend, the Court finds that Plaintiff has not shown undue delay. As Plaintiff notes, a deadline for amending pleadings has not yet been set, and little discovery has taken place.¹⁵ The Court also finds no bad faith or dilatory motive on the part of Plaintiff. And, no previous amendments have been allowed so Plaintiff has not failed to cure any deficiencies. Defendant's main argument is that it would be prejudiced if Plaintiff were granted leave to amend now rather than after ruling on its motion for summary judgment. The Court disagrees.

Plaintiff is correct that "amendment of the pleadings by Plaintiff has been contemplated and acknowledged by all parties and the Court since shortly after the Complaint was first filed."¹⁶ Although it was contemplated and acknowledged that such amendment would take place *after* ruling on Defendant's dispositive motion because the motion could be dispositive of most or all of the case if granted, the amendments discussed are different from the amendments Plaintiff proposes now. For example, it was anticipated that based on the ruling on the dispositive motion, Plaintiff—the putative class—would likely "seek to amend its claims, which

---

¹³ *White v. The Graceland Coll. Ctr. For Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM, 2008 WL 2139585, at *2 (D. Kan. May 20, 2008) (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).

¹⁴ *Id.* (internal quotations omitted).

¹⁵ ECF No. 18 at 1.

¹⁶ ECF No. 17 at 2, ¶ 6.

would potentially involve one or more new defendants and affect the class size/scope."[17] Now, Plaintiff states he wants "to omit the previously asserted class action allegations" and instead proceed on individual claims, because through discovery the parties have completed, the class size would likely be six people or fewer.[18] If Plaintiff is permitted to amend this part of the Complaint now, he would presumably not have to amend the Complaint regarding the class size/scope following ruling on the dispositive motion as previously anticipated.

Further, Plaintiff seeks to add an entirely new claim for violations of the FCRA. Defendant argues it would need to file a new dispositive motion "since the amended pleading constitutes an abandonment of the prior pleading."[19] But Defendant's motion for summary judgment is limited to one issue—the 1099-C reporting. Plaintiff does not suggest omitting this claim from his proposed amended complaint. If Plaintiff is permitted to add his FCRA claim, Defendant may file an additional motion for summary judgment, if it so chooses, regardless of whether such claim is added now or after ruling on the summary judgment motion, because the pending motion for summary judgment relates only to the 1099-C reporting claim. And, as for Defendant's argument that it will incur additional "costs and efforts associated with responding to additional pleadings and conducting potentially unnecessary discovery prior to the Court's ruling on Defendant's Motion for Summary Judgment," the Court notes Plaintiff has not moved to lift the stay currently in place, so no discovery other than what was previously allowed by the Court will occur absent agreement of the parties until otherwise ordered.

---

[17] ECF No. 12 at 2–3.
[18] ECF No. 18 at 1–2.
[19] ECF No. 23 at 4.

Additionally, the Court notes that although Defendant argues Plaintiff "contradicts counsel's representations to the Court,"[20] Plaintiff argues Defendant also contradicts its representations to the Court by basing its pending motion for summary judgment on "alleged 'uncontroverted facts,' rather than legal issues."[21] The Court notes simply that Defendant was to file its motion for summary judgment based on what could be gleaned from the parties' initial disclosures, but that Defendant's motion for summary judgment attaches affidavits and as evidenced by the summary judgment briefing goes beyond what was anticipated at the initial scheduling conference. Thus, it appears neither party has proceeded precisely as contemplated in the Scheduling Order, which makes it difficult for the Court to find any prejudice to Defendant from the proposed amendment.

The Court also does not find Plaintiff's proposed amendment to be futile. Although Defendant argues it is unable to determine whether the proposed amendment would be futile because Plaintiff neglected to attach it to his motion, Defendant knew what Plaintiff's proposed amendments were, namely to omit the class action allegations and add a claim for violation of the FCRA. Defendant also did not request leave to file a surreply to argue that the proposed amendment would be futile after it was attached to Plaintiff's Reply.

Finally, the Court finds Plaintiff has shown good cause for the requested amendment. Defendant argues Plaintiff has not shown good cause because he chose not to assert the FCRA claim from the beginning.[22] But Plaintiff states he sought leave to add the FCRA claim "as soon as it was decided that the case would not proceed as a class action,"[23] which happened only after

---

[20] *Id.*

[21] ECF No. 25 at 3.

[22] ECF No. 23 at 4–5.

[23] ECF No. 25 at 4.

completion of the discovery that the Court previously allowed. The Court agrees "judicial economy supports the Plaintiff's claims being addressed in one lawsuit."[24]

The Court finds no undue delay, undue prejudice to Defendant, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. At this early stage in the litigation, allowing the proposed amendment is in the interest of judicial economy. Therefore, Plaintiff's motion is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that is Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint (ECF No. 17) is granted. Plaintiff shall file the amended complaint attached to his Reply (ECF No. 25-1) forthwith.

**IT IS SO ORDERED.**

Dated July 3, 2019, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

---

[24] *Id.*