IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN ROBBINS,

     Plaintiff,

v.

DYCK O'NEAL, INC.,

     Defendant.

Case No. 18-2623-DDC-TJJ

## MEMORANDUM AND ORDER

The court denies as moot defendant Dyck O'Neal, Inc.'s Motion for Summary Judgment on Count II (KCPA/1099) (Doc. 19). Defendant's motion seeks judgment in its favor on plaintiff's original Complaint (Doc. 1). Since defendant filed the motion, the court has granted plaintiff leave to file an Amended Complaint under Fed. R. Civ. P. 15(a)(2) (Doc. 30). Consistent with that Order, plaintiff has filed an Amended Complaint (Doc. 31).

Plaintiff's Amended Complaint has rendered moot defendant's Motion for Summary Judgment against Count II of the original Complaint. "[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (3d ed. 2010) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). Thus, any motion directed at the original complaint is rendered moot by the filing of an amended complaint. *See Mochama v. Zwetow*, No. 14-2121-KHV, 2015 WL 3843247, at *2 (D. Kan. June 22, 2015) (denying as moot motions

for summary judgment directed at plaintiff's second amended complaint because plaintiff had filed a third amended complaint after securing the court's leave to do so); *see also Camick v. Holladay*, No. 17-1110-EFM-GEB, 2018 WL 1523099, at *4 (D. Kan. Mar. 28, 2018) (denying as moot motions directed at the original complaint because plaintiff's amended complaint rendered the original complaint "a moot and inoperative pleading"); *Capital Sols., LLC v. Konica Minolta Bus. Sols. USA, Inc.*, No. 08-2027-JWL, 2008 WL 1901396, at *1 (D. Kan. Apr. 25, 2008) (holding that a motion to dismiss that was directed at the original complaint "was rendered moot when [plaintiff] filed its amended complaint").

For this reason, defendant's Motion for Summary Judgment directed at Count II of the original Complaint is moot. The court thus denies defendant's Motion for Summary Judgment as moot but without prejudice to defendant's filing a renewed Motion for Summary Judgment directed to plaintiff's Amended Complaint.

Also, the court denies without prejudice as moot plaintiff's Motion for Leave to File a Surreply to Defendant's Motion for Summary Judgment (Doc. 27).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Dyck O'Neal, Inc.'s Motion for Summary Judgment on Count II (KCPA/1099) (Doc. 19) is denied without prejudice as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to File a Surreply to Defendant's Motion for Summary Judgment (Doc. 27) is denied without prejudice as moot.

**IT IS SO ORDERED.**

**Dated this 31st day of July, 2019, at Kansas City, Kansas**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**