IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN ROBBINS,<br><br>         Plaintiff,<br><br>    v.<br><br>DYCK O'NEAL, INC.,<br><br>         Defendant. | Case No. 18-2623-DDC-TJJ |

## SECOND AMENDED SCHEDULING ORDER

On March 25, 2020, the Court conducted a telephone status conference with the parties at Plaintiff's request.[1] Plaintiff appeared through counsel, Keith Williston, Mark Parrish, and Joshua Sanders. Defendant appeared through counsel, Louis Wade and Anna Moncrief.

Plaintiff requested an extension of the remaining deadlines because the discovery deadline is March 31, 2020, but the Court has not yet ruled on Defendant's pending dispositive motions.[2] Defendant opposed further extensions, arguing the Court lifted the stay of discovery in August 2019[3] but Plaintiff failed to conduct discovery. Plaintiff did serve written discovery in September 2019[4] but claimed Defendant objected to much of it as outside the scope of the limited discovery the Court had ordered and the parties had agreed to conduct while the dispositive motions were pending. Plaintiff has not conducted any discovery since that time.

---

[1] Plaintiff's counsel emailed Judge James's chambers on March 17, 2020 to request a hearing to discuss an extension of the remaining deadlines in this case.

[2] The Court did issue a ruling denying Defendant's motions on March 20, 2020 (ECF No. 72). Plaintiff's dispositive motion remains pending as of the date of this order (ECF No. 58).

[3] *See* ECF No. 36.

[4] ECF No. 40.

This case was filed almost a year and a half ago, and to date, little has been accomplished other than fruitless briefing. Additionally, the Court lifted the stay and allowed discovery several months ago. Although the Court did encourage the parties to limit their discovery while the dispositive motions were pending, the Court also encouraged the parties to be judicious in conducting necessary discovery, and the parties have been aware of the looming discovery deadline. The Court is therefore not inclined to significantly extend the remaining deadlines. However, in light of the declared COVID-19 National Emergency, the Court finds the remaining deadlines are not feasible. For example, Defendant has currently scheduled Plaintiff's deposition for March 30, 2020,[5] which will not be possible given the current Stay-At-Home Order for the Kansas City metro area. Therefore, for good cause, the Court revises the Scheduling Order, and adds ADR deadlines, as follows:

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's good faith settlement proposal | **April 10, 2020** |
| Defendant's good faith settlement counterproposal | **April 24, 2020** |
| Confidential settlement reports emailed to Judge James's chambers AND mediation notice filed | **May 4, 2020** |
| Mediation completed | **21 days after Stay-At-Home Order is lifted** |
| ADR report due | **14 days after mediation is held** |
| Final supplementation of initial disclosures | **40 days before deadline for completion of all discovery** |
| All written discovery served | **April 29, 2020** |
| All discovery completed (including all depositions) | **21 days after Stay-At-Home Order is lifted** |
| Dispositive motions | **3 weeks after all discovery completed deadline** |
| Proposed pretrial order due | **TBD** |

---

[5] ECF No. 69.

2

| | |
|---|---|
| Pretrial conference before Judge James | **TBD** |
| Jury Trial in Kansas City, KS before District Judge Crabtree in courtroom 476. ETT 4 days. | **TBD** |

The Court will reset the Pretrial Conference and trial date after the Stay-At-Home Order has been lifted. The Court informed the parties that these new deadlines are firm deadlines and will likely not be extended absent extraordinary circumstances. If any disagreements arise between the parties during this limited discovery period, they shall contact Judge James's chambers as soon as possible to schedule a telephone conference. The mediation notice shall include the time, place, date, and mediator name.

**IT IS THEREFORE ORDERED BY THE COURT** that the Scheduling Order is amended as outlined above. This Second Amended Scheduling Order shall not be modified except by leave of Court upon a showing of good cause.

Dated: March 27, 2020, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge